UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JORDAN BRANSCUM,<br><br>             Plaintiff,<br>   v.<br><br>SAN RAMON POLICE DEPARTMENT, *et al.*,<br><br>             Defendants.<br>_____/ | No. C 11-04137 LB<br><br>**ORDER REGARDING JANUARY 30, 2012 DISCOVERY LETTER**<br><br>[Re: ECF No. 17] |

## I. INTRODUCTION

Plaintiff Jordan Branscum brings this action under 42 U.S.C. §§ 1981, 1983, 1985, 1988 and 23 U.S.C. § 1343 against the City of San Ramon (the "City"), the San Ramon Police Department, and several San Ramon police officers in their individual capacities (collectively, "Defendants") alleging violations of his civil rights, including the filing of a false police report and unlawful use of excessive force, resulting from his arrest on May 9, 2010. First Amended Complaint ("FAC"), ECF No. 10 at 3-4.[1] A discovery dispute has arisen between the parties and has been brought before this court for resolution. Joint Letter, ECF No. 17.

## II. BACKGROUND

Plaintiff instituted this action on August 23, 2011. Original Complaint, ECF No. 1. He filed a

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-04137 LB

1  First Amended Complaint as a matter of right on September 15, 2011, and Defendants answered it
2  on October 3, 2011.  FAC, ECF No. 10; Answer, ECF No. 11.
3      In December 2011, the City served a set of special interrogatories on Plaintiff, three of which
4  request a monthly breakdown of "statistical information" relating to Plaintiff's attorneys' fees.  Joint
5  Letter, ECF No. 17 at 1-2.  Specifically, the City seeks the "name, hourly rate and number of hours
6  spent by each attorney, law clerk, or paralegal" who has worked on Plaintiff's case, as well as the
7  total amount of attorneys' fees and costs incurred through the date of the interrogatory response.  *Id.*[2]
8  Plaintiff responded in part, but objected to the three aforementioned interrogatories on the ground
9  that the requested information exceeds the proper scope of discovery under Federal Rule of Civil
10 Procedure 26.  Joint Letter, ECF No. 17 at 1-2.[3]  Pursuant to this court's standing order, the parties
11 met and conferred on January 24, 2012 in an unsuccessful attempt to resolve the dispute without the
12 court's involvement.  *Id.* at 2.  The parties then filed a joint letter articulating their respective
13 arguments regarding the dispute.  *Id.*  In that letter, the City proposed a compromise which would
14 withdraw their request for a <u>monthly</u> breakdown of the attorneys' time spent working on this case
15 and instead only seek the <u>total</u> sum of attorneys' fees and costs incurred by Plaintiff to date, along
16 with a description of the hours worked by each and the fair market rate for those services.  *Id.* at 4.
17 Plaintiff rejects the offered compromise, and remains steadfast that any discussion of fees and costs
18 should wait until after the merits of this case are decided.  *Id.* at 6-7.

19                              **III. LEGAL STANDARD**
20 Subject to the limitations imposed by subsection (b)(2)(c), under Rule 26, "[p]arties may obtain

---

22  [2] Interrogatory No. 23 asks Plaintiff to, "[w]ith regard to your claims against Defendants, for each month since the date of the incident, state the name, hourly rate and number of hours spent by each attorney, law clerk, or paralegal who has worked on your case through the date of you Answers to these Special Interrogatories, Set One", Interrogatory No. 24 asks Plaintiff to provide "the total amount of attorneys' fees and costs incurred on your case through the date of your Answers to these Special Interrogatories, Set One," and Interrogatory No. 25 asks Plaintiff to "[e]xplain how you calculated the number you provided in your Answer to Interrogatory No. 24 above." Joint Letter, ECF No. 17 at 1-2.

28  [3] For all three, Plaintiff objected "on the grounds that i[t] violates Federal Rule of Civil Procedure §§ 33(a)(2); 26(b)(1) in that it calls for information that is not relevant to any party's claim or defense." Joint Letter, ECF No. 17 at 2.

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). If a party shows good cause why broader discovery is necessary, "the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## IV. DISCUSSION

The City argues that the information it seeks in its interrogatories falls within the scope of Rule 26 for two reasons: 1) it is relevant to a party's claim or defense because Plaintiff's request for attorneys' fees is a component of his § 1983 claim, and 2) it is relevant and necessary for the City to evaluate its potential liabilities and to formulate a meaningful offer of judgment under Federal Rule of Civil Procedure 68. *See* Joint Letter, ECF No. 17.

A. <u>Relevance to Plaintiff's § 1983 Claim</u>

The City first argues that the requested information "relates to the subject matter" of this case because Plaintiff, should he prevail, will seek to recover his attorneys' fees. Joint Letter, ECF No. 17 at 2. As the City sees it, "[i]f Plaintiff is seeking recovery of attorneys fees in this civil rights case as part of Plaintiff's claim for damages, Plaintiff is under a duty to disclose relevant statistical information pertaining to attorney's fees and costs incurred to date per the discovery request." *Id.* at 3.

While it is true that courts may award attorneys' fees to a prevailing party in an action under 42 U.S.C. § 1983, those fees are awarded as a component of a party's "costs" rather than as a

1  component of the "damages" awarded on the merits of the claim itself.  *See* 42 U.S.C. § 1988(b)
2  ("[T]he court, in its discretion, may allow the prevailing party, other than the United States, a
3  reasonable attorney's fee as part of the costs . . . ."); *Marek v. Chesney,* (1985) 473 U.S. 1, 9
4  ("Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42
5  U.S.C. § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees 'as part of the
6  costs.'").

7  As statutory attorneys' fees and costs are not a part of Plaintiff's damages – and when the award
8  of such fees and costs would not be determined until after judgment on the merits, *see* Fed. R. Civ.
9  P. 54(d) – discovery into Plaintiff's attorneys' fees and costs, at least at this time and for this reason,
10 is not appropriate.  *See Abels v. JBC Legal Group, P.C.*, (233 F.R.D. 645) (N.D. Cal. 2006); *but see*
11 *Dach v. City of Richmond et al.,* Case No. C09-00171 JSC, *Wallace et al. v. City of Antioch, et al.,*
12 Case No. C95-4191 MMC (PJH).

13 B. Relevance to Formulating a Rule 68 Settlement Offer

14 The City's second reason – that the sought-after information would be useful in assembling a
15 settlement offer under Rule 68 – is also unpersuasive.

16 Federal Rule of Civil Procedure 68 provides that, "[a]t least 14 days before the date set for trial,
17 a party defending against a claim may serve on an opposing party an offer to allow judgment on
18 specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a) (emphasis Added).  But, if that
19 timely pretrial offer of settlement is not accepted, and "[i]f the judgment that the offeree finally
20 obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after
21 the offer was made."  Fed. R. Civ. P. 68(d).  The plain purpose of Rule 68 is to encourage settlement
22 and avoid litigation.  *Chesney,* 473 U.S. at 5.

23 The Supreme Court has interpreted the cost-shifting provision of Rule 68 to apply equally in
24 cases where a prevailing party is entitled to attorneys' fees under 42 U.S.C. § 1988.  *See id.* ("Civil
25 rights plaintiffs – along with other plaintiffs – who reject an offer more favorable than what is
26 thereafter recovered at trial will not recover attorney's fees for services performed after the offer is
27 rejected.").  Practically, this means that if Plaintiff were to reject a valid Rule 68 offer made by the
28 City and subsequently recover damages in an amount less than the rejected offer, not only would

1 Plaintiff be unable to recover his own post-Rule 68 offer attorneys' fees and costs under § 1988, but
2 he would also have to pay the City's post-Rule 68 offer fees and costs.

3     The City directs the court's attention to two cases where requests to compel production of
4 information similar to that sought here were granted by judges in this District. Joint Letter, ECF No.
5 17 at 3-4. In one case, Judge Corley issued the order orally, and so the court is precluded from
6 considering the reasoning behind her decision. *Id.* In the other case, Judge Hamilton stated that
7 non-privileged information regarding attorneys' fees was relevant to a party's exposure evaluation,
8 and therefore concluded that the information was properly discoverable. Exhibit A, ECF No. 17.
9 This court, however, is persuaded by Judge Seeborg's reasoning in *Abels v. JBC Legal Group, P.C.*,
10 (233 F.R.D. 645) (N.D. Cal. 2006). In addressing the same argument made by the City here, he
11 stated:

> Finally, JBC urges the Court to consider the potential usefulness the documents would have to settlement analysis in general, and to the formulation of a Rule 68 offer in particular. While those documents might well be helpful to JBC in that context, JBC has cited no authority, and the Court is not aware of any, that makes settlement analysis a factor to be considered along with the parties' "claims and defenses" when applying the relevance yardstick of Rule 26.

16 *Id.* at 647.[4] In other words, while there are undoubtedly countless pieces of information that would

---

[4] In light of the City's concern, the Supreme Court has made clear that there are a variety of ways to arrive at a proper amount of attorneys' fees when formulating a settlement offer under Rule 68:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs. In either case, however, the offer has allowed judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs. Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid.

*Chesney,* 472 U.S. at 6. (Internal citations omitted). Therefore, if the City does not feel it can accurately estimate the amount of costs incurred by Plaintiff, it is not required to. The City may

UNITED STATES DISTRICT COURT
For the Northern District of California

be useful in formulating a Rule 68 settlement offer, such information is not discoverable at this time.[5]

### IV. CONCLUSION

Based on the foregoing, Plaintiff need not respond further to Interrogatories 23-25.

This disposes of ECF No. 17.

**IT IS SO ORDERED.**

Dated: February 24, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

leave that decision to the discretion of the court, which may award a reasonable amount of costs to Plaintiff should he accept the City's offer.

[5] The court notes, however, that Plaintiff's counsel stated at oral argument that he understood the City's concern, recognized the utility of high-level attorneys' fees information in the settlement context, and will provide the City with that high-level attorneys' fees information to advance the mediation or other settlement process. The court supports Plaintiff's counsel's offer as a reasonable one under the circumstances.